UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CASSANDRA SOBOTA, )
)
    Plaintiff, )
)
v. )
)
EASY SCRIPTS INC., PLAZA PHARMACY LLC, )
QUALITY MEDICAL PRODUCTS LLC, GREAT )
AMERICAN READERS LLC, VIKING MAGAZINE )
SERVICE, INC., EDUCATION ADVISORS LLC, )
DEBTSETTLEMENT.COM LLC, WORLDWIDE )
COMMERCE ASSOCIATES LLC, CENTERFIELD MEDIA )
HOLDINGS LLC, and JOHN DOES 1-99, )
)
    Defendants, )

## Complaint

Plaintiff CASSANDRA SOBOTA ("Sobota"), by her attorney, Mark T. Lavery, brings this Complaint against Defendants, EASY SCRIPTS INC., PLAZA PHARMACY LLC, QUALITY MEDICAL PRODUCTS LLC, GREAT AMERICAN READERS LLC, VIKING MAGAZINE SERVICE, INC., EDUCATION ADVISORS LLC, DEBTSETTLEMENT.COM LLC, WORLDWIDE COMMERCE ASSOCIATES LLC, CENTERFIELD MEDIA HOLDINGS, LLC and JOHN DOES 1-99 to remedy and enjoin Defendants' unlawful "Walmart Giftcard" text message marketing practices in violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), the Illinois Prizes and Gifts Act 815 ILCS 525/40 and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a (ICFA). Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences and investigation conducted by her own attorney and as to all other matters those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

1. Plaintiff Cassandra Sobota is a citizen of the state of Illinois.

2. Defendant Easy Scripts Inc. is a Nevada Corporation that has an office located at 2307 S Mount Prospect Road Des Plaines, IL 60018 and operates the Waka Network. Its registered agent is Incorp Services Inc. 2360 Corporate Circle, Suite 400, Henderson, NV 89074. Kendra Marcoux is President of Easy Scripts, Inc.

3. Defendant Plaza Pharmacy LLC does business as Plaza Health Care Solutions. It is a Florida limited liability company. Perry Ferlise acts LLC manager and registered agent at 4399 NW 124th Ave., Coral Springs FL 33065.

4. Defendant Quality Medical Products LLC is a Florida limited liability company. Jordan Soblick acts as manager and registered agent at 5180 W. Atlantic Ave. Suite 105, Del Ray Beach, FL 33484.

5. Defendant Great American Readers LLC is a Minnesota limited liability company and its registered agent is located at 6281 Hummingbird Ln, Excelsior, MN 55331.

6. Defendant Viking Magazine Service Inc. is a Minnesota Corporation and its registered office is at 1503 Highway 13 East, Burnsville MN 55337.

7. Defendant Education Advisors LLC is a Florida LLC. Richard A. Bandish is registered agent and is located at 902 Clint Moore Road, Suite 100, Boca Raton, FL 33487.

8. Defendant Debtsettlement.com LLC and Defendant Centerfield Media Holdings, LLC are California limited liability companies. Brett Cravatt is the agent for service of process at 855 N. Douglas St., El Segundo, CA 90245. Defendant Centerfield Media Holdings LLC is the ultimate sponsor for www.debtsettlement.com

offers including the subject offer according to confirmation by executive Chief Technoloy Officer Jimmy Bizarro.

9. Defendant Worldwide Commerce Associates, LLC is a Nevada limited liability company. National Registered Agents, Inc. of NV at 1000 E. William Street, Suite 204. Carson City, NV 89701 is its registered agent.

10. John Does 1-99 are other persons and entities that caused the text message to be sent or sponsored the prize offer.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332 because she brings a claim under the TCPA at 47 U.S.C. § 227. Plaintiff suffered actual damages and pecuniary loss because she performed under a unilateral contract and was not paid the offered consideration of a $1000 Walmart Giftcard. Plaintiff performed under the terms of the unilateral contract offer by merely clicking the link. Such contract damages and pecuniary loss give rise to an actual injury and a case or controversy under Article III of the U.S. Constitution.

12. This Court has personal jurisdiction over the Defendants because they deliberately exploit the Illinois market through SMS and Internet marketing as part of a nationwide SMS text message campaign offering a $1,000 Walmart Gift Card. The unlawful conduct alleged in the Complaint occurred in and was directed to Plaintiff in Illinois via SMS text message to the 847 Illinois Area Code. Defendants caused written prize offers to be directed to Illinois in order to avail themselves of the ability to exploit and market their products to Illinois consumers. Moreover, Defendant Easy Scripts Inc. has an office for the "Waka Network" in Des Plaines, Illinois and purportedly mails gift cards from the Illinois office according to Kendra Marcoux, an East Scripts, Inc.

executive officer. Jimmy Bizarro, executive for Debtsettlement.com, LLC has confirmed that its "publishers" use the Walmart Giftcard offer. Such use is an exploitation of the Illinois market.

13. Venue is proper in this District under 28 U.S.C. § 1391(a) as the injury arose in this District. Venue is additionally proper because Defendants transact significant business in this District, including exploiting consumer in this district.

14. On March 31, 2012 at 9:50 AM, Cassandra Sobota received a SMS text message from (949) 636-6571.

15. The message stated, "Dear Walmart shopper, Congratulations you have just won a $1000 Walmart Gift Card. Click here to claim your gift. www.WmartGifts.com cancel:reply STOP".

16. Sobota accepted this unilateral contract by the performance of clicking on the www.WmartGifts.com link.

17. Despite her performance of all material terms in the unilateral contract (clicking the link), she was not able to claim a $1000 Walmart Gift Card at www.WmartGifts.com.

18. Instead of being able to claim a gift card from Walmart, Plaintiff discovered a landing page that used the Walmart trademark. See Exhibit A - www.WmartGifts.com landing page.

19. The Internet Site www.WmartGifts.com is not operated or associated with Walmart. See Exhibit B - Walmart Gift Card Text Message Scams.

20. Walmart unlike Defendants does not offer $1000 gift cards for merely clicking on a link.

21. Rather, www.Wmartgifts.com, is operated for the benefit of a group of sponsors disclosed as Marketing Partners in the Privacy Policy link. See Exhibit C - Marketing Partners Disclaimers.

22. Sponsors of the written prize offer include Defendants as sponsors.

23. Defendant and sponsor Easy Scripts Inc. is a telemarketing firm that is involved in marketing pharmacy products and added Waka Network, a "Groupon" type marketing promotion.

24. Kendra Marcoux is President of Easy Scripts, Inc. and confirmed on March 31, 2012 that Easy Scripts, Inc. operates the Waka Network. She also confirmed that East Scripts, Inc. uses the Walmart gift card promotions for Waka Network and she claimed that the gift cards are mailed from the Illinois office located in Des Plaines, Illinois.

25. Kendra Marcoux confirmed on March 31, 2012 that Easy Scripts Inc. created the Waka Network daily deal promotion to gain a new stream of revenue.

26. Kendra Marcoux confirmed on March 31, 2012 that she visits the Des Plaines office for business related to Waka Network.

27. Plaza Healthcare Solutions and www.plazahs.com are used by Defendant and sponsor of the prize offer Plaza Pharmacy LLC to market medical devices to Medicare recipients with Diabetes.

28. Quality Medical Products LLC is a Defendant and Sponsor that markets medical supplies and has a telemarketing call center in Delray Beach, Florida.

29. Great American Readers LLC is a Defendant and sponsor that has a Minnesota telemarketing operation managed by Peter Hansenn that sells magazine subscriptions.

30. Defendant and sponsor Viking Magazine Service Inc. is a MInnesota magazine subscription marketer and has a history of using prize offers and telemarketing to sell magazine subscriptions.

31. Defendant and sponsor Education Advisors LLC is a Florida business managed by Dino Romano that telemarkets educational services.

32. Defendant and sponsor Debtsettlement.com, LLC is debt settlement marketing operation that is operated in conjunction with Centerfield Media Holdings LLC involving executives Brett Cravatt and Jimmy Bizzaro.

33. On April 2, 2012, Jimmy Bizarro, executive for Centerfield Media Holdings LLC and Defendant and sponsor www.debtsettlement.com LLC, confirmed that publishers for www.debtsettlement.com, LLC use the Walmart Giftcard subject offer.

34. Defendant and Sponsor Worldwide Commerce Associates LLC is a telemarketing firm that operates www.specialofferservice.com which is a consent marketing operation that uses sweepstakes and prize offers to induce consumers into giving consent to be called by telemarketers.

35. All of the Defendants sponsored the Walmart $1000 Giftcard Prize Offer in order to induce people to give their consent to be called by their respective marketing companies an an effort to sell products and services from the Defendant sponsors.

36. Defendants sought to induce consumers into "expressly waiv[ing] all federal and state no-call registrations with respect to such contact." See Exhibit C.

37. Defendant sponsors' intent was to pass off the offer as being from Walmart in order to mislead consumers.

38. Other sponsors, individuals and potential defendants, JOHN DOES 1-99, were involved in this scheme but information about their identity has been concealed. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

## COUNT I - CLAIM UNDER
## ILLINOIS PRIZES AND GIFTS ACT

39. Plaintiff reincorporates paragraphs 1-38 into this claim.

40. Defendants sponsored a written prize offer that was sent to Plaintiff.

41. The subject written prize offer required payment as a condition of awarding the person a prize. See Exhibit A.

42. The subject written prize offer was false and misleading because the offer "passed off" as being from or associated with Walmart.

43. The offer did not clearly and conspicuously disclose the true name of the sponsors and the addresses of the sponsors. See Exhibit A and C.

44. The offer did not disclose that no purchase is necessary to enter such offer.

45. The offer did not disclose that a purchase will not improve the person's chance of winning.

46. The SMS text message offer did not disclose any limitations on eligibility.

47. Plaintiff suffered loss because she performed under the terms of the unilateral contract prize offer and she was never given a $1000 Walmart Giftcard.

48. Defendants sponsored the written price offer sent to Plaintiff. See Exhibit C. Defendant sponsors caused pecuniary loss to Plaintiff.

49. Plaintiff performed according the the terms of the written text message prize offer but she was not provided a $1000 Walmart Giftcard for her contract performance.

50. Defendant sponsors are liable for double the pecuniary loss suffered by Plaintiff who performed according the subject terms of unilateral prize offer made by Defendant Sponsors.

**COUNT II - TCPA CLAIM FOR ACTUAL AND STATUTORY DAMAGES AND INJUNCTIVE RELIEF**

51. Plaintiff reincorporates paragraphs 1-50 into this claim.

52. The Telephone Consumer Protection Act provides for injunctive relief to consumers to stop unlawful calls. A SMS text message is a call under the TCPA.

53. Defendants caused a call in the form of a SMS text message to be made to Plaintiff. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

54. For example, Jimmy Bizzaro, executive for Centerfield Media and www.debtsettlement.com, LLC, confirmed that its agent publishers used the Walmart Giftcard prize offer.

55. The call sent an artificial message to Plaintiff. A SMS text message communicates the voice of the caller in written text and such voice was artificial in the subject message. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

56. On information and belief, the call was made using SMS short code and equipment that was capable of being an automated telephone dialing system. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

57. On information and belief, the equipment used to make the subject call had the capacity to store or produce telephone numbers to be called, using a random number generator or sequential number generator and dial such numbers. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

58. The call sent was from an institutional sender and without any personalization.

59. The subject call was made for telemarketing purposes.

60. There was no reason to call Plaintiff other than for telemarketing purposes.

61. There is a significant likelihood that Plaintiff will be called again on behalf of Defendants.

62. On information and belief, the phone number of Plaintiff resides in a database that can be used to generate future calls using a random number generator or sequential number generator and dial such numbers. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

63. On information and belief, When Plaintiff performed according to the terms of the SMS text message unilateral contract prize offer by clicking such action was recorded using technology including but not limited to cookies technology. Those facts

will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

64. Plaintiff who performed and clicked the prize claim link is likely to be subjected to future calls in violation of the TCPA.

65. Defendant's violation of the TCPA caused Plaintiff actual injury in the form of contract damages.

66. Based upon press reports, the Walmart giftcard scheme is a willful and systematic deceptive marketing campaign that intentionally violates the TCPA that is likely to be repeated.

The requirements for unfair conduct are: (1) whether the practice offends public policy; (2) whether it is oppressive; and (3) whether it causes consumers substantial injury.

### COUNT II - ICFA CLAIM FOR ACTUAL AND PUNITIVE DAMAGES AND INJUNCTIVE RELIEF

67. Plaintiff reincorporates paragraphs 1-66 into this claim.

68. Defendants are engaged in an unfair practice in violation of the ICFA that (1) offends public policy established by the TCPA and Prizes and Gifts Act; (2) is oppressive because Plaintiff and other consumers have no ability to prevent receiving the text messages; and (3) causes consumers substantial injury because as Walmart has stated the text message is a "scam" and Defendants induced Plaintiff and consumers to perform but do not provide the prize as required by the law.

69. Plaintiff suffered damages in the amount of $1,000 as a proximate result of Defendants Unfair Walmart Gift Card Prize Text Message Marketing Practice.

**REQUESTS FOR RELIEF**

WHEREFORE, Cassandra Sobota requests that this Court enter judgment in her favor and against Defendants and:

A. Award twice the amount of the pecuniary loss, attorney's fees and costs under the Illinois Prizes and Gifts Act.

C. Award actual damages, punitive damages, injunctive and declaratory relief, attorney's fees and costs under ICFA.

C. Award actual damages, $1500 in statutory damages and injunctive relief under the TCPA; and

D. Award all other appropriate relief.

                        Plaintiff, Cassandra Sobota

                        /s/ Mark T. Lavery
                        By Her Attorney

Mark Lavery
733 Lee St.
Des Plaines, IL 60016
847-813-7771
mark@laverylawfirm.com